UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

NORTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SHAWN W. LAEMMRICH,

        Defendant.

_____/

No. 1:05-CR-209

HON. Gordon J. Quist
U. S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Shawn W. Laemmrich and the Government. The terms of the agreement are as follows:

1.    <u>The Defendant Agrees to Plead Guilty</u>.    The Defendant agrees to plead guilty to a single-count ~~Indictment~~ Information returned by a grand jury in the Western District of North Carolina. The Indictment charges the Defendant with conspiracy to commit criminal copyright infringement in violation of Title 17, United States Code, Section 506(a)(1), Title 18, United States Code, Section 2319(b)(1), and Title 18, United States Code, Section 371.

2.    <u>Consent to Transfer for Plea and Sentence.</u>    Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the Defendant waives trial in the Western District of North Carolina, and consents to the disposition of the case in the Western District of Michigan.

3.    <u>The Defendant Understands the Penalty</u>.    The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is the following: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100.  The Defendant agrees to pay the special assessments at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4.    <u>Forfeiture</u>

A.    Defendant agrees to forfeit to the United States all of his right, title, and interest to the following assets seized from his possession or control on April 21, 2004: 225 compact discs consisting of infringing copies of copyright-protected works.

B.    Defendant agrees that such assets are forfeited to the United States pursuant to 17 U.S.C. § 506(b), which provides for the forfeiture of all infringing copies of copyrighted works.

C.    Defendant agrees to fully assist the United States in the forfeiture of the listed assets and to take whatever lawful steps are necessary to pass clear title to the United States.

D.    Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets and any right to appeal or collaterally attack any matter in connection with the forfeiture provided for herein.

E.    Defendant hereby waives his right to notice of any forfeiture proceeding involving the listed property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

5.    <u>Restitution.</u>    The defendant understands that he will be convicted of an offense for which restitution to the victims of the offense is mandatory pursuant to 18 U.S.C. § 3663 (a) and (c), unless the Court finds that the requirements of 18 U.S.C.

2

§3663A(1)(c)(3)(B) have been met. The United States will recommend that no restitution be imposed pursuant to that subsection.

6. <u>Sentencing Guidelines</u>. The defendant agrees and understands that the Court will use its discretion to fashion a sentence within the statutory limits set forth in Paragraph 2. He agrees and understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within these statutory ranges. He agrees and understands that the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within these statutory ranges. He agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature. He agrees and understands that the final determination of the sentence, including the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

7. <u>Cooperation</u>. The Defendant agrees to cooperate with the Federal Bureau of Investigation, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in this Indictment as well as the investigation of other crimes over which they have actual or apparent jurisdiction. In return, the Government will take appropriate action as outlined below. "Cooperation" means all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning the Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying;

truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the Defendant's possession or under the Defendant's control, including, but not limited to, objects, documents, and photographs. The Defendant's obligation to cooperate under this paragraph would be an affirmative one and includes the obligation to voluntarily come forward with any and all information which the Defendant should reasonably know will assist in the investigation of other criminal activity. The Defendant would neither commit nor assist others in the commission of any criminal offense during the course of his cooperation with the United States. The Defendant's obligation under this paragraph would be a continuing one, and would continue after sentencing until all investigations and prosecutions in which the Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

8.    Sentencing Guideline Stipulations. The  parties agree to the sentencing guideline stipulations indicated below. The parties understand and agree that these stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case:

Base Offense Level [USSG § 2B5.3(a)]:                                          8

Specific Characteristics:

The offense involved the uploading of infringing items [USSG § 2B5.3(b)(2)]:    2

The infringement amount, as this phrase is defined in USSG § 2B5.3 comment. (n. 2), that was known or reasonably foreseeable to the defendant was in excess of $120,000 but less than $200,000 [USSG §§ 2B5.3(b)(1), 2B1.1(b)(1)(F)]:                                           10

Adjusted Offense Level:                                                        20

9.    Acceptance of Responsibility.    The U.S. Attorney's Office agrees not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by the Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Further, the Government agrees that Defendant Laemmrich's plea is timely, thereby permitting the Government to avoid preparing for trial as to him, and, therefore, the Government agrees to move for an additional one-level reduction if the adjusted offense level is 16 or greater.

10.    Non-Prosecution. The U.S. Attorney's Offices for the Western Districts of Michigan and North Carolina, and the Computer Crime and Intellectual Property Section of the United States Department of Justice, Criminal Division, agree not to bring additional criminal charges against the Defendant arising out of online copyright or warez group piracy provided that the conduct is known by the Government or disclosed to the Government by the Defendant or his attorney prior to the date of this agreement. The Defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the Government prior to the date of the agreement. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

11.    § 1B1.8 Protection.    The U.S. Attorney's Office agrees that information provided by the Defendant through the Defendant's proffer(s), and any information to be provided pursuant to the Defendant's promise to cooperate as described in this

5

agreement, would not be used by the Government to enhance the Defendant's

sentence, in accordance with Sentencing Guidelines §1B1.8, and according to the

terms of the written agreement entered into between the parties immediately prior to the

proffer(s).

    12.    <u>Sentence Reduction Motions</u>.    The U.S. Attorney's Office agrees to

make a good faith evaluation of the Defendant's cooperation under this agreement in

determining whether to file a motion for reduction of sentence pursuant to Sentencing

Guidelines §5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure. The

Defendant fully understands that such a motion would be made pursuant to law if, and

only if, the Defendant fully cooperates with the Government and materially and

substantially assists the Government in the investigation or prosecution of others. The

determination of whether the Defendant has provided substantial assistance to the

United States, or to designated state or local law enforcement authorities, will be made

in the sole discretion of the Government. The Defendant fully understands that this

paragraph is not a promise by the Government to file such a motion, but, rather, a

promise to use good faith in evaluating the Defendant's assistance to the Government

in the prosecution of others to determine whether a motion should be filed. Additionally,

the Defendant understands that, even if such a motion were filed, the Court has

complete discretion to grant or deny the motion. Furthermore, if the Court were to grant

the motion, the Court has complete discretion to determine how much of a sentence

reduction the Defendant will receive based upon the nature and extent of the

Defendant's assistance. The Defendant acknowledges and agrees that he may not

appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

13.    Breach of Agreement.    If the defendant breaches this agreement at any time, whether before or after sentencing, the federal Government shall have the right to terminate this agreement or deny any and/or all benefits that he would otherwise be entitled to under the terms of this agreement.  In the event that the federal Government elects to terminate the agreement, the agreement shall be considered null and void and the United States shall be free to bring such additional charges as the law, facts and situations, in its opinion, warrant. So, if, for example, Shawn W. Laemmrich should commit any crime, or knowingly withhold evidence, or otherwise not be completely truthful with the Government or in his testimony before grand juries or at trials, then the United States will be free to:

A.    Prosecute him for perjury, false declarations, false statements and/or obstruction of justice;

B.    Charge him with other offenses, if any, that he has committed;

C.    Use against him in all of those prosecutions the information and/or documents that he himself has disclosed during the course of his cooperation;

D.    Recommend to the Court any sentence up to and including the maximum possible sentence;

E.    Refrain from making any motion that the Court make a departure or sentence reduction for substantial cooperation.

Nothing in this agreement shall be construed to protect the defendant from prosecution for Perjury, or Making False Declarations or False Statements, in violation of 18 U.S.C. §§ 1621, 1623, or 1001; Obstruction of Justice, in violation of 18 U.S.C. §§

1503, 1505, 1510, or 1512 (or any similar offense cognizable by the State of Michigan); or any other offense committed by him after the date of this agreement. The information and documents that he discloses to the Government pursuant to this agreement may be used against him in any such prosecution.

14.    <u>The Court is not a Party to this Agreement</u>.    The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the Government or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The Defendant understands that neither the prosecutor nor the Defendant's attorney can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

15.    <u>This is the Complete Agreement</u>.    This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

MARGARET M. CHIARA
United States Attorney

_____
12.12.05
Date

RICHARD S. MURRAY
Assistant United States Attorney

8

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____8/10/05_____              _____
Date                                SHAWN W. LAEMMRICH
                                    Defendant


I am Shawn W. Laemmrich's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____8/11/05_____              _____
Date                                DAVID M. GEMIGNANI
                                    Attorney for Defendant


9