UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| United States of America<br>    Plaintiff,<br>VS.<br><br>SHAWN W. LAEMMRICH<br>    Defendant | Hon. Gordon J. Quist<br><br>Case Number: 1:05-CR-209-01 |

United States Attorney:
Margaret M. Chiara
Assistant United States Attorney:
Richard S. Murray
330 Ionia, N.W., Ste 501
P.O. Box 208
Grand Rapids, MI   49501-0208

Defendant's Attorney:
David M. Gemignani (P40488)
302 Sharon Avenue
Houghton, Michigan 49931
(906) 487-7007

## DEFENDANT'S SENTENCING MEMORANDUM

Shawn Laemmrich is scheduled to be sentenced on June 21, 2006. The government has already submitted a Sentencing Memorandum, which the Defense concurs with on the issue of restitution.

The Defense also anticipates the government to file a motion for reduction of sentence pursuant to Sentencing Guidelines Section 5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure. This will be based on Defendant's cooperation throughout this case.

The Defendant not only agrees with the arguments made in the government's Sentencing Memorandum as to why restitution should not be ordered

DAVID M. GEMIGNANI, P.C.
ATTORNEY AT LAW
302 W. SHARON AVE.
HOUGHTON, MI 49931
TELEPHONE: (906) 487-7007
FACSIMILE: (906) 487-7027

20060612 Sentencing memo.wpd

in this case, but also adds that, on another level, restitution is not even of marginal importance in the overall complexity of this case.

Defendant does not deny his participation in the "Warez" scene. Defendant has entered a guilty plea to Conspiracy to Commit Criminal Copyright Infringement contrary to 17 U.S.C. Section 506 and 18 U.S.C. Section 2319(b)(1), and Title U.S.C. Section 371. Per the plea agreement, the Unites States agreed not to seek restitution in this case, and the government's Sentencing Memorandum further outlines the rationale for honoring that agreement.  Further, as part of the plea agreement the parties stipulated to the infringement amount to be in excess of $200,000.00 but less than $400,000.00.  This was made relevant for purposes of guideline scoring.  Again, the government's Sentencing Memorandum addresses mechanics of the plea agreement and the rationale for not ordering restitution in this case.

The defense also argues that, on a practical level, restitution seems trivial. This is not to take the position that there was a loss to the proper owners of the copyrighted software, but in the grand scheme of things, it would not make any difference to the copyright owners.

Restitution back to the copyright owners will not even have any marginal impact on any of their finances.  These were not mom and pop type of operations that are dependent upon weekly cash flows just for a mere existence.  These were multimillion dollar businesses that had, despite Mr. Laemmrich's actions, banner years for 2004.

For instance, the Adobe Corporation "met or exceeded Wall Street Expectations in every quarter of physical 2004, delivering double digit growth for the second year in a row.  Annual revenue grew to a record $1.667 billion, a 29%

DAVID M. GEMIGNANI, P.C.
ATTORNEY AT LAW
302 W. SHARON AVE.
HOUGHTON, MI 49931
TELEPHONE: (906) 487-7007
FACSIMILE: (906) 487-7027

20060612 Sentencing memo.wpd                2

increase from physical 2003 revenue.    . . . [in 2004 the company had] a cash position of approximately $1.3 billion." Adobe Systems, Inc., letter to stockholders 2004. ( www.adobe.com/aboutadobe/invrelations/financialdocs.html).

Likewise Hewlett Packard had a net revenue of $79.905 million for physical year 2004.  (www.hp.com/hpinib/investeor/financials/annual/2004/hp2004).

National Instruments had a banner year, in fact the best year on record in 2004, with 2004 revenues in the amount of $514 million. (www.ni.com/nati/annual/04/highlights.htm).

Pertaining to Novell, Chairman and Chief Executive Officer in his letter to shareholders for 2004 he reported that for fiscal 2004, the company "reported net revenues of $1.166 billion and a net income available to common stockholders of $31 million." (2004 letter to shareholders, www.novell.com/company/ir/04annual/letter.html).

AT&T 2004 fiscal year indicates total revenues of $30.537 million. (Summary of Selected Financial Data, http:/www.sec.gov/archives/edgar/data/5907/000095012305002878/y06520e10vk.txt)

Lastly ValuSoft, which is a division of THQ, Inc., in their annual report indicated that "cash and cash equivalents increase in fiscal 2004 by $47.4 million." (Http://Media.corporate-ir.net/media-files/irol/96/96376/thq-ar.pdf).

Does restitution serve any utility in this case?  The defense submits that even if it could be calculated, whatever restitution made would not make any difference to the bottom line of the companies involved.  Granted, not all financial information is available for all companies, but, for those that are available, it does

DAVID M. GEMIGNANI, P.C.
ATTORNEY AT LAW
302 W. SHARON AVE.
HOUGHTON, MI 49931
TELEPHONE: (906) 487-7007
FACSIMILE: (906) 487-7027

20060612 Sentencing memo.wpd                3

not look like Mr. Laemmrich's actions did not put up any roadblocks to these companies achieving record revenues for 2004.

If payment of restitution would make a difference to ongoing enterprise, it is then a legitimate concern. This does not appear to be the case. There is no agreement for the government to seek restitution.

The defense understands the probation officer's duty in this case and his responsibilities. His advocacy for restitution, however, is not great utility in this case.

The defendant's talents can better be served by performing community service or to make amends for his transgressions. Paying money does not further that end. Giving back to the community does.

Dated: June 12, 2006        /s/ David M. Gemignani
                            DAVID M. GEMIGNANI

DAVID M. GEMIGNANI, P.C.
ATTORNEY AT LAW
302 W. SHARON AVE.
HOUGHTON, MI 49931
TELEPHONE: (906) 487-7007
FACSIMILE: (906) 487-7027

20060612 Sentencing memo.wpd         4