UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

- - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:05:CR:209-1 |
| Plaintiff, | |
| | HON. R. ALLAN EDGAR |
| v. | |
| SHAWN W. LAEMMRICH, | |
| Defendant. | |
| _____/ | |

GOVERNMENT'S BRIEF IN SUPPORT OF MOTION FOR
DOWNWARD DEPARTURE BASED UPON SUBSTANTIAL ASSISTANCE

On December 21, 2005, defendant pled guilty to a single-count Information charging him with conspiracy to commit criminal copyright infringement in violation of 18 U.S.C. § 371. Sentencing is set for June 21, 2006. The parties will recommend that the Court determine the defendant's Total Offense Level to be 17, which results in a range of 24-30 months. The presentence report calculates Defendant's Offense Level at 21, which results in a range of 37-46 months. This issue has been previously addressed in the Government's Sentencing Memorandum. For the reasons stated below, the government believes that Defendant has provided substantial assistance to the government and suggests a four-level downward departure.

DEFENDANT LAEMMRICH HAS PROVIDED SUBSTANTIAL ASSISTANCE TO THE GOVERNMENT.

Section 5K1.1 of the United States Sentencing Guidelines provides that upon motion of the government the Court may depart from the guidelines. USSG §5K1.1. The Court may consider (1) the significance and usefulness of the defendant's assistance,

taking into consideration the government's evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and (5) the timeliness of the defendant's assistance. USSG §5K1.1.

The defendant confessed when first confronted by the FBI on April 21, 2004.  He immediately expressed a willingness to cooperate and implicated numerous others.  After retaining counsel, he was interviewed again on May 20, 2004, pursuant to a proffer agreement.  Although he was able to provide useful information about others, most warez scene members know each other only by their "screen names" or internet nicknames.  However, he was able to provide additional identifying information about one of the founders and senior members of MaGE.  Using information supplied by the defendant and two other cooperating defendants, the FBI executed a search warrant at the home of the individual, who confessed.

The defendant has testified before a grand jury about both the individual described in the previous paragraph, and another leader of the warez group MaGE.  One of those individuals has been indicted, and the other is engaged in pre-indictment plea negotiations with the government.  The defendant has committed to testifying if needed at the trial of these two men and others.  Two other members of MaGE have pled guilty or agreed to do so in other districts.  The defendant was able to identify those defendants as well.

The defendant has always been willing to work proactively and made attempts to re-infiltrate the warez scene.  In part because most of his group had been raided, and in part because others did not trust him after the raids of April 21, 2004, his efforts did not

result in prosecutions. The defendant was able to recently penetrate another warez group, but that investigation was halted for reasons unrelated to the defendant.

The United States Attorney's office contends and recommends that Defendant Laemmrich should be granted a downward departure of four levels for his substantial assistance to the government. Defendant Laemmrich provided truthful and credible information and testimony about the global warez conspiracy and stands ready to testify about those crimes against other defendants. In addition, he made substantial efforts to assist the FBI in undercover investigations.

WHEREFORE, the Government requests and recommends a downward adjustment of four guideline levels to reflect Defendant's assistance in this case. The Government recognizes that the decision of whether or not to grant a downward departure, and the extent of any such downward departure, is entirely within the discretion of the Court.

        Respectfully submitted,

        MARGARET M. CHIARA
        United States Attorney

Dated: June 16, 2006

        /s/ Richard S. Murray
        RICHARD S. MURRAY
        Assistant United States Attorney
        ERIC J. KLUMB
        Senior Counsel
        Computer Crime and Intellectual Property Section
        United States Department of Justice